IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:10CR170-18–HEH |
| | ) | |
| THOMAS PETRINI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
**(Defendant's Motion in Limine to Preclude Admission of Co-conspirator Hearsay Statements and Speculative Evidence of Defendant's Drug Usage, Motion for Grand Jury Transcript, Second Motion for Extension of Time in Which to File Pretrial Motions, and Motion to Dismiss Count 9 of the Indictment)**

The Defendant, Thomas Petrini, was indicted on June 10, 2010, by a federal grand jury for Conspiracy to Violate the Racketeer and Influenced Corrupt Organizations Act, 18 U.S.C. § 1962(d) (Count 1); Conspiracy to Commit Violence in Aid of Racketeering, 18 U.S.C. § 1959(a)(6) (Count 2); and Possession of a Firearm by a Felon, 18 U.S.C. § 922(g)(1) (Count 9). The case is presently before the Court on a number of pretrial motions filed by the Defendant. Both the Defendant and the government have filed memoranda supporting their respective positions. With respect to those motions addressed below, the Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

Adopting the argument advanced by a number of the co-defendants, the Defendant seeks to preclude in limine admission of co-conspirator hearsay statements. He urges the

Court to review any out-of-court statements of co-conspirators that the government intends to offer as evidence at trial before their admission. In order to minimize the prejudicial impact of such statements, the Defendant suggests that the Court make a determination as to their admissibility before the statements are presented in trial to the jury. *Bourjaily v. United States*, 483 U.S. 171, 175, 107 S. Ct. 2775, 2778–79 (1987) (setting forth the standard for admissibility of co-conspirator's declarations). In support of this Motion, the Defendant relies on *United States v. Gantt*, 617 F.2d 831, 845 (D.C. Cir. 1980).[1]

Judicial screening of co-conspirators' statements in limine appears to have its genesis in the Fifth Circuit decision in *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S. Ct. 2836 (1979). The Fourth Circuit has, however, rejected this formalistic requirement of a preliminary hearing to determine the existence of a conspiracy before statements can be admitted under Federal Rule of Evidence 801(d)(2)(E). *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983). As the Fourth Circuit pointed out in *United States v. Blevins*, "[i]nstead, we allow a trial court to conditionally admit co-conspirators' statements subject to the subsequent satisfaction of the requirements for their admission." *United States v. Blevins*, 960 F.2d

---

[1]The Defendant's reliance on *Gantt* appears to be misplaced. The D.C. Circuit did not adopt the rigid rule announced in the earlier panel decision in *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S. Ct. 2836 (1979). In *Gantt*, the Court embraced the widely accepted policy of vesting the trial court with discretion to conditionally admit declaration of co-conspirators "subject to connection." *Gantt*, 617 F.2d at 845.

1252, 1256 (4th Cir. 1992) (citing *Hines*, 717 F.2d at 1488). Moreover, we do not believe that a trial judge is required to set out on the record his reasons for making this evidentiary ruling . . . ." *Id.*

This Court will follow the teachings of *Blevins* and allow co-conspirators' statements to be conditionally admitted subject to subsequent proof by the government that they were made "during the course of and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).

Secondarily, the Defendant requests that the Court make a determination as to the admissibility of illegal drug usage by the Defendant before any witness describing such usage is allowed to testify. The admissibility of a defendant's drug usage is ordinarily context specific. If such evidence is relevant to implicate the defendant in an alleged drug-trafficking activity or to demonstrate that a witness's drug addiction may affect the witness's credibility, it may be admissible, with or without a limiting instruction. *See United States v. Howard*, 590 F.2d 564, 569–70 (4th Cir. 1979). This decision, however, can only be made in the context in which the evidence is offered. The Court will therefore defer its ruling on the admissibility of such evidence until trial.

The Defendant seeks an order compelling the United States to produce a copy of all grand jury transcripts that directly or indirectly refer to Mr. Petrini. The Defendant argues that under Federal Rules of Criminal Procedure 6(e)(3)(E)(i) and (ii), the Court may authorize disclosure of a grand jury matter either in connection with a judicial

proceeding or at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. The Defendant acknowledges the necessity for demonstrating what is commonly referred to as a "particularized need" for disclosure of such grand jury materials. The Defendant offers two grounds to satisfy that requirement.

> First, the need for a grand jury transcript would be necessary to determine how a grand jury returned counts one and two of the indictment when the alleged assault of Jeff Bodine did not happen as alleged in paragraph 28 of the indictment according to reports prepared by government agents. In order to ascertain if there was any grand jury misconduct, defense counsel would need the grand jury transcripts to determine what occurred and how the grand jury was able to return an indictment in partial reliance upon an overt act (the assault of probationary member Jeff Bodine) when it appears that Thomas Petrini was not an active participant in the fight, and was, at most, merely present.

(Def.'s Mot. Grand Jury Tr. 3–4.)

Distilled to its essence, the Defendant seeks access to grand jury proceedings to determine whether there was sufficient competent evidence to return an indictment and to determine whether or not there was any type of misconduct before the grand jury. The Defendant cites no specific evidence that would even warrant an inference of governmental misconduct. He merely seeks to mine the transcript for a perceived irregularity. That is not the type of particularized need contemplated by Rule 6(e). *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994). Absent a showing of governmental misconduct, courts have been reluctant to entertain motions to impeach an indictment based upon evidence presented to a grand jury. In *Midland Asphalt Corp. v.*

4

*United States*, the Court observed that "[o]nly a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not be tried." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 802, 109 S. Ct. 1494, 1500 (1989).

Furthermore, in *Bank of Nova Scotia v. United States*, the Court declined to hear "a challenge to the reliability or competence of the evidence presented to the grand jury. . . . the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 261, 108 S. Ct. 2369, 2376–77 (1988).

For generations, courts have declined the invitation to review the sufficiency of evidence presented to a grand jury. *United States v. Wills*, 346 F.3d 476, 488–89 (4th Cir. 2003). Even if the Defendant were able to demonstrate that the evidence before the grand jury was insufficient to prove the charges against him, it would not justify dismissal. *In re Grand Jury Subpoena (T-112)*, 597 F.3d 189, 196–97 (4th Cir. 2010).

Because the Defendant has failed to show a sufficiently particularized need to justify disclosure of grand jury materials, his Motion for Grand Jury Transcript will be denied.

Turning next to the Second Motion for Extension of Time in Which to File Pretrial Motions, the Defendant represents that he has been waiting for the government to unseal a search warrant and accompanying affidavit which may have yielded evidence pertinent

5

to this case.  Until the Defendant is afforded access to the search warrant and affidavit, he is unable to determine whether or not a motion to suppress should be filed.  This motion will be granted and the Defendant will be given seven (7) days from receipt of the search warrant affidavit to file any additional pretrial motions challenging the sufficiency of the affidavit or the legality of the resulting search.

Lastly, the Defendant moves the Court to sever the trial of Counts 5 and 6 of the Indictment and dismiss Count 9 of the Indictment.  The Court will reserve judgment on these motions until hearing oral argument on September 3, 2010, at 2:00 p.m.

An appropriate Order will accompany this Memorandum Opinion.

_____/s/_____
Henry E. Hudson
United States District Judge

Dated: **Aug. 20, 2010**
Richmond, Virginia